LOVE, J.,
dissents and assigns reasons.
hi respectfully dissent from the majority’s holding that the trial court abused its discretion by granting Mr. Williams’ Motion to Quash.
On October 4, 2011, the trial court was advised that Mr. Williams was in Iraq, and that the alias capias was sent to military personnel there. Having been advised by counsel that Mr. Williams would be returning to the United States within thirty to forty-five days, and wishing to spare Mr. Williams the indignity of being placed in handcuffs upon his return to the United States, the trial court recalled the alias capias. During the hearing on the Motion to Quash, the trial court relied upon the State’s previous representation that pursuant to La. C.Cr.P. art. 578, the State had two years from October 4, 2011, until October 4, 2013, to bring Mr. Williams to trial. The trial court stated that the State “did absolutely nothing until October 10, 2013,” and ruled that time to bring Mr. Williams to trial expired on October 4, 2013, two months prior to the filing of the Motion to Quash. I agree.
Mr. Williams’ absences, from his arraignment in May 11, 2009, through March 24, 2010, served to interrupt the running of the State’s time limitation pursuant to La. C.Cr.P. art. 579(A)(2). Even if the State is correct in its assertion that the recalling of an alias capias by a trial court does not extinguish the cause of an interruption, the cause of any interruption ended on October 4, 2011, when |2counsel re-enrolled, asked that the matter be set, and represented to all parties that Mr. Williams would be returning to the United States within thirty to forty-five days. Additionally, Mr. Williams asserts that the interruption ceased when he actually returned from Iraq, and that the State failed to show that he did not return prior to December 4, 2011.
The State had no reason to doubt that Mr. Williams returned from Iraq within thirty to forty-five days after October 4, 2011. After the November 9, 2011 pretrial hearing was conducted and Mr. Williams’ presence was waived, the State did not set the case for trial or for any other proceeding requiring Mr. Williams’ presence until the case was set for pretrial conference by the State for October 24, 2013. While the result in State v. Romar, 07-2140, pp. 6-8 (La.7/1/08), 985 So.2d 722, 726-27, may relieve the State from the obligation of tracking down defendants whose whereabouts are unknown, it does not relieve the State from expending the effort necessary to send out subpoenas. Therefore, I find that the trial court did not err by granting Mr. Williams’ Motion to Quash, as the two-year time limitation lapsed, and would affirm.